# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

In the Matter of William N. Dushkin and Marilyn J. Dushkin, as owners and operators for the F/V BOBBI DEE for Exoneration from or Limitation of Liability

Case No. 3:21-cv-00138-SLG

## ORDER RE MOTION FOR MONITION

On June 4, 2021, William and Marilyn Dushkin ("Limitation Plaintiffs") filed a Complaint for Limitation of Liability under the terms of the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*[1] In the Complaint, Limitation Plaintiffs seek to limit their liability with respect to any and all claims arising from a March 5, 2019 allision between a commercial fishing vessel they own—the BOBBI DEE— and a commercial vessel owned by Northern Seas Fisheries, Inc.—the ALEUT MISTRESS.[2] The Complaint states that while the BOBBI DEE was backing away from its berth, "[a] mechanical failure in the gearing system prevented the operator from shifting the vessel into forward gear, resulting in an allision with the . . . ALEUT MISTRESS."[3] According to the Complaint, the ALEUT MISTRESS "sustained hull and machinery damage as a result of the allision," which cost

---

[1] Docket 1.

[2] Docket 1 at 1–2, ¶¶ 3–6. The Complaint does not specify where the accident occurred.

[3] Docket 1 at 1–2, ¶ 4.

$340,487 to repair.[4]  At some point following the allision, North Seas Fisheries, Inc. "filed suit alleging damages to the vessel and for lost fishing revenue exceeding $154,000."[5]  Limitation Plaintiffs report that "the BOBBI DEE and its owners fac[e] damages claims exceeding the value of the BOBBI DEE," which they state is $255,000.[6]

Presently before the Court at Docket 3 is Limitation Plaintiffs' Motion for Monition, in which they request that the Court find that they have posted adequate security and filed an adequate complaint and enjoin all claims and proceedings against them related to the March 5, 2019 allision, pursuant to 46 U.S.C. § 30511.

## LEGAL FRAMEWORK

The Shipowners' Limitation of Liability Act provides that "the liability of the owner of a vessel for any claim, debt, or liability [subject to the Act] . . . shall not exceed the value of the vessel and pending freight."[7]  Claims arising from "injury by collision" are subject to the Act, provided the conduct at issue occurred "without the privity or knowledge of the owner."[8]  To take advantage of this provision, a

---

[4] Docket 1 at 2, ¶ 5.

[5] Docket 1 at 2, ¶ 6.

[6] Docket 1 at 2, ¶ 7; Docket 1-2 at 7 (Condition and Valuation Report).

[7] 46 U.S.C. § 30505(a).  Limitation Plaintiffs state that the BOBBI DEE carried no freight on March 5, 2019.  Docket 1 at 2, ¶ 4.

[8] 46 U.S.C. § 30505(b); *see also In re Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015, 1017 (9th Cir. 2000) ("A limitation of liability action is a proceeding in admiralty for vessel owners that permits them to limit their liability (if any) to their interest in the vessel and its freight, provided that the loss was incurred without their privity or knowledge.").

Case No. 3:21-cv-00138-SLG, *In re Dushkin*
Order re Motion for Monition
Page 2 of 7

shipowner must, within six months of receiving notice of a claim, initiate an action in federal court and either deposit with the court an amount equal to his or her interest in the vessel or transfer such interest to a court-appointed trustee.[9] "The procedure for a limitation action is now found in Supplemental Admiralty and Maritime Claims Rule F."[10] Supplemental Rule F(2) provides a list of requirements for a complaint filed in a limitation action, including: "the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited"; "the voyage if any, on which the demands sought to be limited arose, with the date and place of its termination"; "the amount of all demands including all unsatisfied liens or claims of lien, in contract or in tort or otherwise, arising on that voyage, so far as known to the plaintiff, and what actions and proceedings, if any, are pending thereon"; and "the value of the vessel at the close of the voyage."

"Once a shipowner has complied with [these] preliminary procedural requirements, the federal district court must enjoin all other actions which relate to the subject of the limitation proceeding and require all persons who have claims arising out of the same accident to assert them in the district court."[11] This

---

[9] 46 U.S.C. § 30511(a)–(b). The vessel owner must also deposit with the court or transfer to the trustee "an amount, or approved security, that the court may fix from time to time as necessary to carry out this chapter." *Id.* Local Admiralty Rule (f)-1 sets the default for this amount at $1,000.

[10] *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001).

[11] *In re Complaint of Moog*, Case No. 3:19-cv-00030-DCN, 2019 WL 3849152, at *3 (D. Idaho Aug. 14, 2019); *see also* 46 U.S.C. § 30511(c) ("When an action has been brought under this

Case No. 3:21-cv-00138-SLG, *In re Dushkin*
Order re Motion for Monition
Page 3 of 7

injunction is a procedural step and does not amount to an affirmative finding that the shipowner is entitled to protection under the Act; instead, it ensures that the question is decided in the proper forum.[12] Once an action to limit liability has been brought in federal court, a claimant may file an answer to contest the shipowner's "right to exoneration from or the right to limitation of liability."[13] When this occurs, the district court "determines, in a proceeding known as a *concursus*, issues such as liability, the privity and knowledge of the shipowner, and if necessary, the distribution of the limitation fund."[14]

## DISCUSSION

The Court finds that Limitation Plaintiffs have not fully complied with all of the procedural requirements of Supplemental Rule F(2) necessary to initiate an action to limit liability pursuant to 46 U.S.C. § 30511. Specifically, Limitations Plaintiffs have not identified the "place of [the voyage's] termination" as required

---

section . . . all claims and proceedings against the owner related to the matter in question shall cease."); Fed. R. Civ. P. Supp. R. F(3) ("On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff's property with respect to any claim subject to limitation in the action").

[12] *Lewis*, 531 U.S. at 442 (noting that "federal courts have exclusive jurisdiction to determine whether a vessel owner is entitled to limited liability"); *see also id.* at 453 ("[T]his Court long ago determined that vessel owners may contest liability in the process of seeking limited liability." (citing *The Benefactor v. Mount*, 103 U.S. 239, 244 (1880)); *cf. In re Complaint of Moog*, 2019 WL 3849152, at *3 n. 5 ("There is a distinction between the shipowner's *right to limit* liability and his *right to seek limitation* of liability." (emphasis in original)).

[13] Fed. R. Civ. P. Supp. F(5).

[14] *In re Complaint of Aloha Jetski, LLC*, 920 F. Supp. 2d 1143, 1146 (D. Hawai'i 2013) (quoting *In re Complaint of S.F. Bar Pilots*, No. c05–02975 MJJ, 2006 WL 16879, at *1 (N.D. Cal. Jan. 3, 2006)).

Case No. 3:21-cv-00138-SLG, *In re Dushkin*
Order re Motion for Monition
Page 4 of 7

by Supplemental Rule F(2), other than to state that the vessel is now in Alaska.[15] Because the Court has determined that Limitations Plaintiffs have not complied with the requisite procedures of Supplemental Rule F, the Court will deny without prejudice the request for monition and the request to stay all pending cases against them related to the March 5, 2019 allision.[16]

Limitations Plaintiffs also request that the Court "find[] petitioners have complied with [Supplemental Rule] F(1) and [Local Admiralty Rule] f-(1), which require posting of security for value of the vessel and security for costs."[17] Posting security for value of the vessel is a separate requirement from the contents of the complaint, and a precondition to the filing of an injunction[18]; thus, the Court considers this request.

Limitations Plaintiffs have included a 2017 Condition & Valuation Report of Vessel Marine Survey for the BOBBI DEE, conducted by Captain David O.

---

[15] *See In re Lauritsen*, Case No. 04 C 3550, 2004 WL 2065057, at *2 (N.D. Ill. Sept. 13, 2004) ("Plaintiff has not sufficiently set forth the place of its termination. Plaintiff asserts the voyage occurred on Lake Erie. However, Lake Erie is an extremely large body of water. We find that such a general reference to the location of the voyage is insufficient."). This requirement is important in order to give proper notice to potential claimants as provided in Supplemental Rule F(4), particularly those who have not "made any claim against the vessel of the plaintiff[s] arising out of the voyage or trip" and thus would not be entitled to a mailed copy of the notice.

[16] The Court also requests that Limitations Plaintiffs, if they file an amended complaint, identify the specific case(s) that has been brought against them by case name, caption, and forum.

[17] Docket 3 at 1 (Mot. for Monition).

[18] *Star & Crescent Boat Co., Inc. v. Sunsplash Marina LLC*, Case No.: 3:21-cv-00169-BEN-JLB, 2021 WL 1526601, at *15 (S.D. Cal. April 19, 2021) ("Approval of the security is a condition precedent to the issuance of the motion and restraining order." (citing *Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 740, 753 (2d Cir. 1988))).

Case No. 3:21-cv-00138-SLG, *In re Dushkin*
Order re Motion for Monition
Page 5 of 7

Osterback, a Marine Surveyor.[19] This Valuation Report estimates the BOBBI DEE's fair market value to be $255,000.[20] This document is accompanied by a declaration of William Dushkin, which states that these valuations are performed for insurance purposes and that the 2017 survey is the most recent.[21] At Docket 4, Limitations Plaintiffs have submitted a Notice of Posting Security, which "gives notice and tenders into the Court security for value of the BOBBI DEE in the form of Letter of Undertaking from petitioner's underwriter . . . ." The Letter of Undertaking, at Docket 5, specifies Navigators Insurance Company ("Navigators") "as insurer of William N. Dushkin and Marilyn Dushkin, and any and all timely and appropriate claimants with respect to a March 5, 2019 collision between the BOBBI DEE and the ALEUT MISTRESS."[22] The Letter of Undertaking states that Navigators "hereby agrees . . . [t]o pay and satisfy any final judgment . . . as may be entered in favor of Claimant(s) against Petitioners, for damages claimed up to and not exceeding the sum of $255,000 and costs awarded . . . ." The Notice of Posting Security also "gives notice of payment of $1000.00 into the Court as a security for costs, and that petitioner shall post additional security in the amount of six percent (6%) per annum to be paid into the Court until judgment is entered or

---

[19] Docket 1-2 at 7.

[20] Docket 1-2 at 7 (Condition and Valuation Report).

[21] Docket 1-1.

[22] Docket 5; Docket 5-1 at 1.

Case No. 3:21-cv-00138-SLG, *In re Dushkin*
Order re Motion for Monition
Page 6 of 7

the case is dismissed."[23]  The Court approves this security and finds that Limitations Plaintiffs have satisfied the requirements of 46 U.S.C. § 30511(b)(1)(A) and (B), as well as Local Admiralty Rule (f)-1.[24]

## CONCLUSION

In light of the foregoing, Limitation Plaintiffs William Dushkin and Marilyn Dushkin's Motion for Monition at Docket 3 is DENIED without prejudice. IT IS FURTHER ORDERED that Limitation Plaintiffs' Complaint at Docket 1 is DISMISSED without prejudice for failure to state a claim on which relief can be granted. IT IS FURTHER ORDERED that Limitation Plaintiffs may file an Amended Complaint and renewed motion for monition within 28 days, if able to do so in compliance with Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions Rule F.

DATED this 6th day of July, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[23] Docket 4 at 2.

[24] Local Admiralty Rule (f)-1 provides that "[u]nless otherwise ordered by the court, the amount of security for costs under Supplemental Rule F(1) will be one thousand dollars ($1,000.00), which may be combined with the security for value and interest."

Case No. 3:21-cv-00138-SLG, *In re Dushkin*
Order re Motion for Monition
Page 7 of 7