# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

In the Matter of William N. Dushkin and Marilyn J. Dushkin, as owners and operators for the F/V BOBBI DEE for Exoneration from or Limitation of Liability

Case No. 3:21-cv-00138-SLG

## ORDER RE MOTION FOR MONITION

On July 12, 2021, William and Marilyn Dushkin ("Limitation Plaintiffs") filed an Amended Complaint for Limitation of Liability under the terms of the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*[1] In the Amended Complaint, Limitation Plaintiffs seek to limit their liability with respect to any and all claims arising from a March 5, 2019 allision between a commercial fishing vessel they own—the BOBBI DEE—and a commercial vessel owned by Northern Seas Fisheries, Inc.—the ALEUT MISTRESS.[2] The Amended Complaint identifies the location of the allision as King Cove, Alaska and alleges that while the BOBBI DEE was backing away from its berth, "[a] mechanical failure in the gearing system prevented the operator from shifting the vessel into forward gear, resulting in an allision with the . . . ALEUT MISTRESS."[3] According to the Amended Complaint,

---

[1] Docket 7.

[2] Docket 7 at 1–2, ¶¶ 3–6.

[3] Docket 7 at 1–2, ¶ 4.

the ALEUT MISTRESS "sustained hull and machinery damage as a result of the allision," which cost $340,487 to repair.[4] At some point following the allision, North Seas Fisheries, Inc. "filed suit in this district alleging damages to the vessel and for lost fishing revenue exceeding $154,000."[5] Limitation Plaintiffs report that "the BOBBI DEE and its owners face damages claims exceeding the value of the BOBBI DEE," which they state is $255,000.[6]

Presently before the Court is Limitation Plaintiffs' renewed Motion for Monition, in which they request that the Court find that they have posted adequate security and filed an adequate complaint and enjoin all claims and proceedings against them related to the March 5, 2019 allision, pursuant to 46 U.S.C. § 30511.[7]

## LEGAL FRAMEWORK

The Shipowners' Limitation of Liability Act provides that "the liability of the owner of a vessel for any claim, debt, or liability [subject to the Act] . . . shall not exceed the value of the vessel and pending freight."[8] Claims arising from "injury

---

[4] Docket 7 at 2, ¶ 6.

[5] Docket 7 at 2, ¶ 7 (citing *Northern Seas Fisheries, Inc. v. Dushkin, et al.*, Case No. 3:21-cv-00025-SLG).

[6] Docket 7 at 2, ¶¶ 5, 8; Docket 1-2 at 7 (Condition and Valuation Report).

[7] Docket 8. Limitation Plaintiffs' first Motion for Monition at Docket 3 was denied and their original Complaint at Docket 1 was dismissed because the Complaint failed to specify the place of the termination of the BOBBI DEE's voyage as required by Supplemental Rule of Federal Civil Procedure F. Docket 6 (Order).

[8] 46 U.S.C. § 30505(a). Limitation Plaintiffs state that the BOBBI DEE carried no freight on March 5, 2019. Docket 7 at 2, ¶ 5.

Case No. 3:21-cv-00138-SLG, *In re Dushkin*
Order re Motion for Monition
Page 2 of 7

Case 3:21-cv-00138-SLG   Document 9   Filed 07/19/21   Page 2 of 7

by collision" are subject to the Act, provided the conduct at issue occurred "without the privity or knowledge of the owner."[9] To take advantage of this provision, a shipowner must, within six months of receiving notice of a claim, initiate an action in federal court and either deposit with the court an amount equal to his or her interest in the vessel or transfer such interest to a court-appointed trustee.[10] "The procedure for a limitation action is now found in Supplemental Admiralty and Maritime Claims Rule F."[11]

"Once a shipowner has complied with [these] preliminary procedural requirements, the federal district court must enjoin all other actions which relate to the subject of the limitation proceeding and require all persons who have claims arising out of the same accident to assert them in the district court."[12] This injunction is a procedural step and does not amount to an affirmative finding that

---

[9] 46 U.S.C. § 30505(b); *see also In re Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015, 1017 (9th Cir. 2000) ("A limitation of liability action is a proceeding in admiralty for vessel owners that permits them to limit their liability (if any) to their interest in the vessel and its freight, provided that the loss was incurred without their privity or knowledge.").

[10] 46 U.S.C. § 30511(a)–(b). The vessel owner must also deposit with the court or transfer to the trustee "an amount, or approved security, that the court may fix from time to time as necessary to carry out this chapter." *Id.* Local Admiralty Rule (f)-1 sets the default for this amount at $1,000.

[11] *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001).

[12] *In re Complaint of Moog*, Case No. 3:19-cv-00030-DCN, 2019 WL 3849152, at *3 (D. Idaho Aug. 14, 2019); *see also* 46 U.S.C. § 30511(c) ("When an action has been brought under this section . . . all claims and proceedings against the owner related to the matter in question shall cease."); Fed. R. Civ. P. Supp. R. F(3) ("On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff's property with respect to any claim subject to limitation in the action").

Case No. 3:21-cv-00138-SLG, *In re Dushkin*
Order re Motion for Monition
Page 3 of 7

the shipowner is entitled to protection under the Act; instead, it ensures that the question is decided in the proper forum.[13]  Once an action to limit liability has been brought in federal court, a claimant may file an answer to contest the shipowner's "right to exoneration from or the right to limitation of liability."[14]  When this is the case, the district court "determines, in a proceeding known as a *concursus*, issues such as liability, the privity and knowledge of the shipowner, and if necessary, the distribution of the limitation fund."[15]

## DISCUSSION

The Court finds that Limitation Plaintiffs have complied with all of the procedural requirements of Supplemental Rule F(2) necessary to initiate an action to limit liability pursuant to 46 U.S.C. § 30511.  The Amended Complaint sets forth the facts upon which Limitation Plaintiffs assert the right to limit liability; it describes the incident from which their potential liability arises, including the date and place of the termination of the vessel's voyage; identifies a claim pending against them in federal court; and it states the estimated value of the BOBBI DEE.  Moreover,

---

[13] *Lewis*, 531 U.S. at 442 (noting that "federal courts have exclusive jurisdiction to determine whether a vessel owner is entitled to limited liability"); *see also id.* at 453 ("[T]his Court long ago determined that vessel owners may contest liability in the process of seeking limited liability." (citing *The Benefactor v. Mount*, 103 U.S. 239, 244 (1880)); *cf. In re Complaint of Moog*, 2019 WL 3849152, at *3 n. 5 ("There is a distinction between the shipowner's *right to limit* liability and his *right to seek limitation* of liability." (emphasis in original)).

[14] Fed. R. Civ. P. Supp. F(5).

[15] *In re Complaint of Aloha Jetski, LLC*, 920 F. Supp. 2d 1143, 1146 (D. Hawai'i 2013) (quoting *In re Complaint of S.F. Bar Pilots*, No. c05–02975 MJJ, 2006 WL 16879, at *1 (N.D. Cal. Jan. 3, 2006)).

Case No. 3:21-cv-00138-SLG, *In re Dushkin*
Order re Motion for Monition
Page 4 of 7

Case 3:21-cv-00138-SLG   Document 9   Filed 07/19/21   Page 4 of 7

the Court has already approved of the security posted by Limitations Plaintiffs pursuant to Supplement Rule F(1)(a), 46 U.S.C. § 30511(b), and Local Admiralty Rule (f)-1.[16] Accordingly, the Court will direct notice to potential and actual claimants against Limitation Plaintiffs and to enjoin all ongoing and future proceedings against them arising out of the March 5, 2019 allision.[17]

## CONCLUSION

In light of the foregoing, Limitation Plaintiffs William Dushkin and Marilyn Dushkin's renewed Motion for Monition at Docket 8 is GRANTED. Pursuant to 46 U.S.C. § 30511, Supplemental Rule of Federal Civil Procedure F, and Local Admiralty Rule (f)-1, it is hereby ORDERED that:

1. The sum of $1,000 submitted by Limitation Plaintiffs at Docket 5-2 is ACCEPTED as security for costs. Limitation Plaintiffs shall post an additional security in the amount of six percent (6%) per annum to be paid into the Court until judgment is entered or the case is dismissed.

2. The Letter of Undertaking submitted by Limitation Plaintiffs at Docket 5-1 is ACCEPTED as security for the value of the BOBBI DEE.

3. All claims against Limitation Plaintiffs and their property shall CEASE and the Court hereupon ENJOINS the further prosecution of any claim,

---

[16] Docket 6 (Order).

[17] 46 U.S.C. § 30511(c).

Case No. 3:21-cv-00138-SLG, *In re Dushkin*
Order re Motion for Monition
Page 5 of 7

Case 3:21-cv-00138-SLG   Document 9   Filed 07/19/21   Page 5 of 7

action, or proceeding against the Limitation Plaintiffs or the Limitation Plaintiffs' property, with respect to any claim subject to limitation in this action, such actions including, but not limited to *Northern Seas Fisheries, Inc. v. Dushkin, et al.*, 3:21-cv-00025-SLG.

4. This order serves as notice to all persons that may claim damage sustained or occasioned or incurred by or resulting from the March 5, 2019 allision of the BOBBI DEE in King Cove, Alaska, as described in Limitation Plaintiffs' July 12, 2021 Amended Complaint, or in any way arising out of or in connection with the operation of the BOBBI DEE at or near the time when the collision occurred, and admonishes them to file their respective claims with the Clerk of Court for the District of Alaska and to serve on or mail to counsel for Limitation Plaintiffs a copy thereof, or be defaulted, on or before September 20, 2021.  Each claim must specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued.  If a claimant seeks to contest Limitation Plaintiffs' right to limitation of liability, the claimant must file and serve an answer to Limitation Plaintiffs' July 12, 2021 Amended Complaint.

5. The notice specified immediately above shall be published with pertinent details by Limitation Plaintiffs in the Anchorage Daily News **and the Bristol Bay Times** once per week for four consecutive weeks prior to

Case No. 3:21-cv-00138-SLG, *In re Dushkin*
Order re Motion for Monition
Page 6 of 7

Case 3:21-cv-00138-SLG   Document 9   Filed 07/19/21   Page 6 of 7

September 20, 2021. Limitation Plaintiffs shall, not later than the date of the second publication, mail a copy of said notice to every person known to have made or who may make a claim against either or both of the Limitation Plaintiffs and/or the BOBBI DEE arising out of the incident for which the claims sought to be limited arose.

6. Within 30 days after September 20, 2021, Limitation Plaintiffs shall mail to the attorney for each claimant (or if the claimant has no attorney to the claimant) a list setting forth (a) the name of each claimant, (b) the name and address of the claimant's attorney (if the claimant is known to have one), (c) the nature of the claim, i.e., whether property loss, property damage, death, personal injury, etc., and (d) the amount thereof.

DATED this 19th day of July, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:21-cv-00138-SLG, *In re Dushkin*
Order re Motion for Monition
Page 7 of 7

Case 3:21-cv-00138-SLG   Document 9   Filed 07/19/21   Page 7 of 7